**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

MAGISTRATE JUDGE

MARIE LoCONTE                              )
     Plaintiff,                          )
                         **05   1 1540 WGY**
     v.                                  )
                               )
BAYSTATE CONSTABLES, INC. d/b/a BAYSTATE  )
CONSTABLES, CONSTANCE SORENSON, JANE ROE )
and JOHN DOES 1-3,                        )
     Defendants.                         )

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED _____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

**COMPLAINT**

**INTRODUCTION**

1.    This is an action for damages brought by an individual consumer for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter

"FDCPA"); the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the

Massachusetts Banking Commissioner's and Massachusetts Attorney General's Regulations

promulgated thereunder, 209 C.M.R. 18.00 and 940 C.M.R. 7.00, respectively; and the

Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Attorney General's General

Regulations promulgated thereunder, 940 C.M.R. 3.00, which prohibit debt collectors from

engaging in abusive, deceptive, and unfair practices, and for Defendants' fraud and conversion of

Plaintiff's vehicle.

**JURISDICTION**

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§

1331 and 1337.

**PARTIES**

3.    Plaintiff, Marie LoConte, is a natural person residing in Taunton, Massachusetts.

4.      Defendant Baystate Constable, Inc. d/b/a Baystate Constables, Inc. and Baystate Constables (hereafter "Baystate") is a Massachusetts corporation with a place of business at 6 Courthouse Lane, Chelmsford, Massachusetts.

5.      Defendant Baystate uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts and/or regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due others.

6.      Defendant Baystate is a debt collector as that term is defined in FDCPA § 1692a(6).

7.      On information and belief, at all relevant times, Baystate was required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

8.      On information and belief, at all relevant times, Baystate was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

9.      Baystate, at all relevant times was not, and, because it is a corporation, could not be, a constable of the Town of Maynard nor of the Town of Chelmsford.

10.     Defendant Constance Sorenson (hereafter "Sorenson") is a natural person and is the President, Treasurer, Secretary, sole director and, on information and belief, sole stockholder of Baystate.

11.     On information and belief, at all relevant times, Sorenson was not a constable of the Town of Maynard nor of the Town of Chelmsford.

12.     Sorenson uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts and/or

2

regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due others.

13.     Sorenson is a debt collector as that term is defined in FDCPA § 1692a(6).

14.     On information and belief, at all relevant times, Sorenson was required by M.G.L. ch. 93 §§ 24-28 to be licensed with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

15.     On information and belief, at all relevant times, Sorenson was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

16.     On information and belief, Sorenson determines, directs and implements the policies and procedures used by Baystate, including those described below.

17.     On information and belief, there is unity of interest and ownership between Baystate and Sorenson such that they are essentially the same personality and Baystate is the alter ego of Sorenson.

18.     On information and belief, Baystate is insufficiently capitalized for purposes of its corporate undertaking and has been operated in such a manner.

19.     On information and belief, Baystate has not observed corporate formalities and fails to keep sufficient corporate records.

20.     On information and belief, Sorenson pervasively controls Baystate for her personal benefit and siphons corporate funds to her own benefit.

21.     Sorenson uses Baystate in promoting the fraudulent activities described below.

22.     Honoring the corporate separateness of Baystate would promote fraud or create injustice and justice requires disregarding the corporate form of Baystate.

23.     Defendants represent to the public, through information listed with the

3

Massachusetts Secretary of the Commonwealth, that Defendant Sorenson's address is 621
Arboretum Way, Burlington, Massachusetts.

24.     In fact, on information and belief, Sorenson no longer resides at that address.

25.     On information and belief, Defendant Jane Roe was at all relevant times an agent
and/or employee of Baystate acting within the scope of her employment and/or agency. Plaintiff
does not know who she is.

26.     On information and belief, at all relevant times, Jane Roe used instrumentalities of
interstate commerce or the mails in a business in Massachusetts the principal purpose of which
was the collection of debts and/or regularly collected or attempted to collect debts owed or due or
asserted to be owed or due others and was a debt collector as that term is defined in FDCPA §
1692a(6).

27.     Defendants John Does 1-3 are other natural persons who were involved in the
seizing of Plaintiff's vehicle described below. Plaintiff does not know who they are.

28.     At all relevant times, John Does 1-3 were agents or employees of Baystate acting
within the scope of their agency or employment.

29.     On information and belief, at all relevant times, John Does 1-3 regularly collected
or attempted to collect debts owed or due or asserted to be owed or due others and were debt
collectors as that term is defined in FDCPA § 1692a(6).

## FACTUAL ALLEGATIONS

30.     On information and belief, on or about July 28, 2004 Defendants seized Plaintiff's
Ford automobile.

31.     On information and belief Baystate seized Plaintiff's vehicle at the request of
Commonwealth Receivables, Inc. (hereafter "Commonwealth Receivables").

32.    At that time, Commonwealth Receivables had obtained a default judgment in the amount of $1,326.75 in a small claims court lawsuit (hereafter "small claims lawsuit") on an alleged debt.

33.    On or about April 20, 2005 that judgment was vacated and Commonwealth Receivables' action was dismissed with prejudice.

34.    On information and belief, at no time had Commonwealth Receivables obtained any court order awarding it post-judgment costs against Plaintiff.

35.    In the course of the seizure, John Does 1-3 came to Plaintiff's door around midnight dressed in uniforms, displayed a badge and threatened her with a billy club in order to intimidate her into complying with their seizure of her vehicle.

36.    The next day, Plaintiff telephoned Baystate and spoke with Defendant Jane Roe, who refused to give her name.

37.    Defendant Jane Roe told Plaintiff that she would have to pay $1,600.00 in cash to get her vehicle back.

38.    Jane Roe also told Plaintiff that if she did not pay the $1,600.00, she would be charged storage fees of $100.00 per day.

39.    Jane Roe also told Plaintiff that Baystate had a right to seize her vehicle and had done so because Plaintiff had broken the law.

40.    Jane Roe also told Plaintiff that if she didn't pay the $1,600.00, Baystate had a right to and would come to her home every day, take her furniture and other possessions, clear out her home and put a bolt on her door.

41.    Jane Roe told Plaintiff that Baystate would keep $800.00 of the $1,600.00 as a "constable fee" and that $800.00 would be paid to Commonwealth Receivables on the judgment.

5

42.     Plaintiff had to borrow money from a friend in Hanover to pay the $1,600.00 to Baystate.

43.     Plaintiff had to go from Taunton to Hanover and then to Baystate's office in Chelmsford to pay in cash to retrieve her vehicle.

44.     When Plaintiff paid the $1,600.00 to Baystate, she received a receipt for payment from Baystate that described Defendant Baystate as "Constables Office." A copy of this receipt is attached hereto as **Exhibit 1**.

45.     At this same time, Baystate gave Plaintiff a receipt for the payment of $800.00 on the judgment to Commonwealth Receivables. A copy of this receipt is attached hereto as **Exhibit 2**.

46.     Exhibit 1 states that the "Amount of Account" was $1,600.00.

47.     In fact the amount of the execution, including post-judgment interest, was only $1,364.70.

48.     On information and belief, Baystate kept $800.00 of Plaintiff's $1,600.00.

49.     After Plaintiff had paid Baystate $1,600.00, she had to get a ride back to Whitman and then East Bridgewater to retrieve her vehicle from an agent of Baystate.

50.     Plaintiff had to pay Baystate's agent an additional $158.00 for "towing" before Baystate's agent would release her vehicle A copy of the receipt for this payment is attached hereto as **Exhibit 3**.

## COUNT I — FDCPA

51.     Plaintiff realleges paragraphs 1 through 50 above.

52.     Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

53.     The alleged debt was a debt as that term is defined in FDCPA § 1692a(5).

6

54.     Defendants have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a.     The threat of the use of violence, in violation of FDCPA § 1692d(1);

b.     Communicating with Plaintiff after 9:00 p.m., in violation of FDCPA § 1692c(a)(1) and 1692d;

c.     False and misleading representations or implications that Defendants are vouched for, bonded by or affiliated with the Commonwealth of Massachusetts or the Town of Maynard, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

d.     False and misleading representations or implications that Defendants are constables and/or a constable office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

e.     Communicating with Plaintiff without meaningful disclosure of the caller's identity, in violation of FDCPA §1692d;

f.     False and misleading representations or implications that Plaintiff's vehicle was in Chelmsford, in violation of FDCPA §§ 1692d, 1692e, and 1692e(10);

g.     False and misleading representations as to the character, amount and legal status of the debt, in violation of FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10);

h.     False and misleading representations as to services rendered or compensation which may be lawfully received for the collection of a debt, in violation of FDCPA §§ 1692e, 1692e(2)(B) and 1692e(10);

i.     False and misleading representations or implications that nonpayment of a debt will result in the sale of Plaintiff's vehicle when such action was unlawful or not intended, in violation of FDCPA § 1692e, 1692e(4) and 1692e(10);

7

j.    The threat to take action which cannot legally be taken, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

k.    Use of a written communication which is falsely represented to be a document authorized, issued, or approved by any court or official of the Commonwealth of Massachusetts, the City of Taunton or the Town of Chelmsford or which creates a false impression as to its source, authorization, or approval, in violation of FDCPA §§ 1692e, 1692e(9) and 1692e(10);

l.    False and misleading representations and implications that Defendants are entitled to seize or request seizure or hold or request holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

m.    False and misleading representations and implications that Defendants are entitled to come to Plaintiff's home, take her furniture and other possessions, clear out her home and put a bolt on her door and that Plaintiff had broken the law, in violation of FDCPA §§ 1692e and 1692e(10);

n.    False and misleading representations and implications that Defendants are entitled to collect any amount for the seizure or holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

o.    False and misleading representations and implications that Defendants are entitled to collect the amount they collected for the seizure and holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

p.    Collection of an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of FDCPA §§ 1692f and 1692f(1);

q.    False and misleading representations and implications as to Defendant

8

Sorenson's address, in violation of FDCPA § 1692e and 1692e(10);

    r.    False and misleading representations and implications that Defendants are entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA §§ 1692e and 1692e(10);

    s.    Failing to clearly disclose the information required by FDCPA § 1692e and 1692e (11);

    t.    Failure to send Plaintiff a written notice containing the information required by FDCPA § 1692g;

    u.    Use of any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of FDCPA § 1692d;

    v.    Use of false, deceptive or misleading representations or means in connection with the collection of the debt, in violation of FDCPA § 1692e; and

    w.    Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

### COUNT II — MASSACHUSETTS DEBT COLLECTION ACT

55.    Plaintiff realleges paragraphs 1 through 54 above.

56.    Defendants are debt collectors, as that term is defined in M.G.L. ch. 93 § 24 and 209 C.M.R. 18.03.

57.    On information and belief, at all relevant times, Defendants were assignees of the judgment debt, which they were attempting to collect.

58.    By their actions and conduct described above, Defendants have failed to comply with and thereby violated the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the

9

Massachusetts debt collection laws, M.G.L. ch. 93 §§ 24-49, and regulations promulgated thereunder, including but not limited to: M.G.L. ch. 93 § 24 and 49; 209 C.M.R. §§ 18.04, 18.14(1)(e), 18.15, 18.15(1), 18.16, 18.16(1), (2)(a), (2)(b), (4), (5), (9), (10), (11) and (16), 18.17, 18.17(1) and (9); 940 C.M.R. 7.04(1)(i) and (d) and 7.07(2), (3), (5) and (6); thereby violating M.G.L. ch. 93A § 2.

59.     Plaintiff has demanded relief from Defendant pursuant to M.G.L. ch. 93A § 9(3). Defendant provided no relief to the plaintiff.  Plaintiff's demand is attached hereto as **Exhibit 4**.

60.     The conduct of the Defendant described above constituted a willful and knowing violation of the Massachusetts debt collection laws and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A § 2.

### COUNT III — MASSACHUSETTS CONSUMER PROTECTION ACT

61.     Plaintiff realleges paragraphs 1 through 60 above.

62.     The actions and conduct of Defendant described above constitute unfair and deceptive acts and practices under the Massachusetts Consumer Protection Act, in violation of M.G.L. ch. 93A § 2 and 940 CMR 3.16(1), (3) and (4).

### COUNT IV — COMMON LAW FRAUD

63.     Plaintiff realleges paragraphs 1 through 62 above.

64.     Defendants' misrepresentations described above were of material fact.

65.     The above-described misrepresentations  were made willfully and maliciously.

66.     Defendants made the above-described misrepresentations of material facts with full knowledge or reason to know of their falsity.

67.     Defendants intended that Plaintiff rely upon the above-described misrepresentations and made them for the purpose of inducing Plaintiff to act upon them.

68.    Plaintiff did justifiably rely and act upon the above-described misrepresentations by Defendants.

### COUNT V — CONVERSION

69.    Plaintiff realleges paragraphs 1 through 68 above.

70.    On information and belief, Defendants had no right to seize or hold Plaintiff's vehicle.

71.    Defendants had no right to require Plaintiff to pay them $800.00 for the return of her vehicle.

72.    Defendants converted Plaintiff's vehicle from her when they seized it and held it .

73.    Defendants' actions described above were willful and malicious.

### PLAINTIFF'S DAMAGES

74.    As a result of Defendants' violations of the FDCPA and Massachusetts laws and of Defendants' conversion of Plaintiff's vehicle and fraud described above, Plaintiff suffered actual damages, including loss of use of her vehicle, expenses incurred in retrieving her vehicle, embarrassment, humiliation, aggravation, inconvenience, frustration and emotional distress.

75.    Defendants intended to cause Plaintiff emotional distress by their actions and conduct described herein.

76.    Plaintiff is entitled to her actual damages pursuant to FDCPA § 1692k(a)(1) and M.G.L. ch. 93A § 9(3) and for Defendants' fraud and conversion of Plaintiff's vehicle.

77.    Plaintiff is entitled to three times her actual damages pursuant to M.G.L. ch. 93A § 9(3).

78.    Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

11

79.     Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA §

1692k(a)(3) and M.G.L. ch. 93A § 9(4).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enter judgment for the Plaintiff and against Defendants in the amount of her

actual damages, trebling that amount pursuant to M.G.L. ch. 93A § 9(3);

B.      Enter judgment for the Plaintiff and against Defendant for statutory damages

pursuant to 15 U.S.C. § 1692k;

C.      Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3) and M.G.L. ch. 93A § 9(4);

D.      Grant such other and further relief as may be just and proper.

> Marie LoConte, Plaintiff
> by her Attorney,
>
> Yvonne W. Rosmarin  BBO #566428
> Law Office of Yvonne W. Rosmarin
> 58 Medford Street
> Arlington, MA 02474
> 781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

> Yvonne W. Rosmarin



EXHIBIT 1

# *Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**



MARIE A LOCONTE
PO BOX 2905-02305
BROCKTON   MA 02305                     July 28, 2004

Re:    Providian Bank Visa Card #4361-4507-0069-9970
        Our File #: C-662696
        0315SC4127

## RECEIPT FOR PAYMENT

**DATE**                      **AMOUNT PAID**

7.28.04                        $800.00

**Signature**

EXHIBIT 2

077527

| CUSTOMER'S ORDER NO. | | DEPARTMENT | | DATE 7-28-04 | | |
|---|---|---|---|---|---|---|
| NAME BAystate | | Marie Loconte | | | | |
| ADDRESS | | 100 Broadway St | | | | |
| CITY, STATE, ZIP | | Taunton MA. | | | | |
| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE RETD | PAID OUT |

| QUANTITY | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | | | |
| 2 | Tow From Taunton | | 75 |
| 3 | to Storage | | |
| 4 | | | |
| 5 | 97 Ford T-Bird Red | | |
| 6 | | | |
| 7 | 5T8TNA | | |
| 8 | | | |
| 9 | 2⅟ Miles | | 63 |
| 10 | | | |
| 11 | | | |
| 12 | Storage From 7-28-04 | | 20 |
| 13 | to 7-28-04 | | |
| 14 | @ 20⁰⁰ per Day | | |
| 15 | | | |
| 16 | | | 58 |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | 158⁰⁰ |
| RECEIVED BY | Marie | | |

adams
5805

KEEP THIS SLIP FOR REFERENCE

**EXHIBIT 3**

**Yvonne W. Rosmarin**
Attorney at Law

ConsumerProtection

58 Medford Street
Arlington, MA 02474

**Certified Mail - Return Requested**

June 13, 2005

Ms. Constance Sorenson
Baystate Constables, Inc.
119 Drumhill Road
PMB #369
Chelmsford, MA 01824

                    Re:    Marie LoConte

Dear Sir/Madam:

        This is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, made on behalf of my client, Marie LoConte of 100 Broadway, Taunton, Massachusetts. This letter is submitted for purposes of confidential settlement negotiations only and, pursuant to Fed. R. Evid. 408, is not admissible to prove liability for or invalidity of the claim or its amount.

        Ms. LoConte has suffered damages as a direct result of your unfair and deceptive practices in collecting a judgment debt. This conduct violates M.G.L. ch. 93A § 2; the state debt collection laws, M.G.L. ch. 93 §§ 24-28, 49; the Banking Commissioner's debt collection regulations, 209 CMR 18.00; the Massachusetts Attorney General's debt collection regulations, 940 CMR 7.00, and General Regulations, 940 CMR 3.00; and other applicable laws. The following outline describes these violations of law and provides you with an opportunity to settle this matter. Although not all-inclusive, the following summary is more than sufficient to demonstrate the violations of law in which you have engaged.

        On or about July 27 or 28, 2004, you caused my client's Ford Thunderbird to be seized, ostensibly pursuant to an execution in a small claims court action. In the course of this seizure, your agents came to Ms. LoConte's door around midnight, were dressed in uniforms, showed a badge, and threatened her with a billy club (or something very similar) in order to intimidate her against complaining about their seizure of her vehicle.

        The next day, when my client telephoned you about the seizure, the woman who answered your telephone refused to give her name. Your agent demanded that my client pay you $1,600.00 *in cash* in order to get her vehicle. Your agent told Ms. LoConte that if she did not pay the money that day, you would charge her $100.00 per day for storage. Your agent told her that, if she didn't pay the $1,600.00, you had a right to and would come to her home every day, take her furniture and other possessions, clear out her home and put a bolt on her door. When Ms. LoConte arrived at your office in Chelmsford to pay you to retrieve her vehicle, your agents

Tel 781-648-4040   •   Fax 781-643-6164   •   YRosmarin@abanet.org

Also Admitted in Illinois and Colorado

**EXHIBIT 4 p. 1**

Ms. Constance Sorenson
Baystate Constables, Inc.
June 13, 2005
Page 2

again refused to give their names. Your agents told Ms. LoConte that her vehicle had been seized because she had broken the law and that you had a right to take her vehicle.

My client paid you the $1,600.00 you demanded, of which you applied $800.00 toward the small claims judgment you purported to be collecting and kept $800.00, which you described on your receipt as "constable fees." Your receipt issued to my client for payment also states that my client owed $1,600.00. In fact the judgment against Ms. LoConte was for only $1,326.75 and the judgment plus post-judgment interest was only $1,364.70. Moreover, the plaintiff in that case, Commonwealth Receivables, Inc. ("Commonwealth"), had not obtained any court order for post-judgment costs against my client. After paying you the $1,600.00, Ms. LoConte had to drive to Whitman where she waited for approximately one and one-half hours for your agent from the towing company to arrive. She had to pay an additional $158.00 to the towing company for the return of her vehicle.

Neither Constance Sorenson nor Baystate Constables, Inc. ("Baystate") was a Taunton constable on the relevant date. As such you had no authority to seize Ms. LoConte's vehicle or to collect constable fees for doing so. *Even if* either of you were a Taunton constable, the most a real constable could have charged for the seizure of Ms. LoConte's vehicle is $36.00, based on your recovery of $800.00 toward the debt. This amount would not have been collectible from my client, but would be properly charged only to Commonwealth, absent a court order. Nor could a real constable charge $100.00 for storage of the vehicle. Since there had as yet been no return of the execution, a real constable would not be entitled to anything for travel. Again, even these fees would only be collectible by you *if* you indeed were a constable for the City of Taunton, which you were not, and even then, only from Commonwealth itself. In addition, neither Constance Sorenson nor Baystate was licensed with the Division of Banks as a debt collector as required by M.G.L. ch. 93 § 24.

These above-described actions and conduct have violated Massachusetts law. These violations include but are not limited to:

1. The threat of the use of violence, in violation of 209 CMR 18.15(1) and M.G.L. ch. 93 § 49(c);

2. False and misleading representations that you are vouched for, bonded by, or affiliated with, and/or are an official of the state or local government, in violation of 209 C.M.R. 18.16(1) and 940 CMR 7.07(3);

3. False and misleading representations as to the amount of the debt, in violation of 209 CMR 18.16(2)(a) and 940 CMR 7.07(2);

4. False and misleading representations as to services rendered or compensation that may be lawfully received for the collection of a debt, in violation of 209 CMR 18.16(2)(b);

**EXHIBIT 4 p. 2**

Ms. Constance Sorenson
Baystate Constables, Inc.
June 13, 2005
Page 3


     5.     Collecting and attempting to collect an amount not expressly authorized by the agreement or permitted by law, in violation of 209 CMR 18.17(1)and 940 CMR 7.07(2);

     6.     Falsely representing that the judgment debt could be increased by the addition of fees that could not be legally added, in violation of 209 CMR 18.17(9) and 940 CMR 7.07(6);

     7.     Representing or implying that nonpayment will result in the sale of my client's vehicle when such action was unlawful, in violation of 209 CMR 18.16(4)and 940 CMR 7.07(6);

     8.     Threatening to take action that cannot legally be taken, in violation of 209 CMR 18.16(5) and M.G.L. ch. 93 § 49;

     9.     Using a written communication which is falsely represented to be a document authorized or approved by any official of the Commonwealth of Massachusetts, the City of Taunton or the Town of Chelmsford or which creates a false impression as to its source, authorization, or approval, in violation of 209 CMR 18.16(9) and 940 CMR 7.07(5);

     10.     Using false, deceptive and misleading representations, implications and means in connection with the collection of a debt from my client, in violation of 209 CMR 18.16 and 18.16(10) and M.G.L. ch. 93 § 49;

     11.     False and misleading representations and implications that you are entitled to collect debts in the Commonwealth of Massachusetts, in violation of M.G.L. ch. 93 § 24 and 209 CMR 18.04 and 18.16(10);

     12.     Failing to disclose to my client the information required by 209 C.M.R. 18.14(e) and 18.16(11) and 940 C.M.R. 7.04(1)(i);

     13.     Communicating with my client by telephone without disclosure of your name, in violation of 209 C.M.R. 18.16(16) and 940 C.M.R. 7.04(1)(d);

     14.     Collecting a debt from my client in Massachusetts without first obtaining a valid license to do so, in violation of M.G.L. ch. 93 § 24 and 209 C.M.R. 18.04;

     15.     Engaging in conduct the natural consequence of which is to harass, oppress or abuse my client in connection with the collection of a debt from my client, in violation of 209 CMR 18.15;

     16.     Using unfair or unconscionable means to collect a debt from my client, in violation of 209 C.M.R. 18.17; and

     17.     Collecting or attempting to collect a debt from my client in an unfair, deceptive or unreasonable manner, in violation of M.G.L. ch. 93 § 49.


     In addition to the debt collection violations already cited and by the actions described above, you have also violated M.G.L. ch. 93A § 2. *See,* M.G.L. ch. 93 § 49 and 940 C.M.R. 3.16 (1), (3) and (4).


     As a result of your unfair and deceptive collection methods, my client was forced to borrow money from a friend to pay you and the towing company for the return of her vehicle. She had to drive from Taunton down to Hanover to borrow the money. Then she had to drive up

**EXHIBIT 4 p. 3**

Ms. Constance Sorenson
Baystate Constables, Inc.
June 13, 2005
Page 4

to Chelmsford to pay you *in cash* to release the vehicle. After that, she had to drive from Chelmsford down to Whitman to retrieve her vehicle from the towing company you hired. You illegally charged her $800.00 for your "services" and the towing company you hired illegally charged Ms. LoConte another $158.00. My client was deprived of her vehicle for the day after you took it and she had to spend the entire day driving from one end of the state to the other and then back and beyond. Ms. LoConte was severely distressed by your unfair, deceptive and illegal conduct which also caused her great embarrassment, humiliation, aggravation, inconvenience and frustration. She was frightened and confused by your agents who came to her door and was unable to sleep the night her vehicle was seized and cried all night. My client became upset and was shaking, crying and nauseous afer her vehicle was seized. She was embarrassed and humiliated, especially when she had to borrow money from a friend to pay your illegal charges.

Consequently, you are liable for the intentional infliction of emotional distress under state law. The intentional infliction of emotional distress is also a violation of M.G.L. ch. 93A. As with other intentional violations of M.G.L. 93A, the statute provides for treble damages for the tort. *See Haddad v. Gonzales*, 410 Mass 855, 872; 576 N.E.2d 658, 668 (Mass. 1991) (Supreme Judicial Court upheld an award for over $61,000 dollars for emotional distress resulting from landlord's breach of the implied warranty of habitability and corresponding violations of M.G.L. ch. 93A).

M.G.L. ch. 93A provides that in the case of any successful action to enforce a violation of the Act, a prevailing consumer may recover all reasonable attorney's fees and costs as determined by the Court. Accordingly, my client would be entitled to actual damages in an amount of at least $10,000.00 for your violations of the state law. My client would immediately settle her claims under M.G.L. ch. 93A for $5,000.00 plus an agreement on your part to cease and desist illegally seizing and detaining the vehicles of judgment debtors and charging judgment debtors illegal "fees." I hereby make demand upon you for that amount and for such an agreement to cease and desist.

M.G.L. ch. 93A §9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of the mailing of this letter. Should my client be forced to pursue litigation in this matter, my client may recover up to three times her actual damages plus attorney's fees and costs.

In this regard, I direct your attention to the Supreme Judicial Court's view of the policy behind ch. 93A's settlement encouraging directive.

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of ch. 93A. Multiple damages are "the

EXHIBIT 4 p. 4

Ms. Constance Sorenson
Baystate Constables, Inc.
June 13, 2005
Page 5

> appropriate punishment" for forcing plaintiffs to litigate clearly valid claims.
> *International Fidelity Ins. Co. v. Wilson*, 443 NE 2d 1308, 1318 (1983).

I look forward to hearing from you or your attorney so that we may work toward a prompt and equitable settlement of this matter.

Sincerely,

Yvonne W. Rosmarin

EXHIBIT 4 p. 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Marie LoConte v. Baystate Constables, Inc.,

   d/b/a Baystate Constables

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMZERED NATURE OF SUIT CODE LISI ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

|     | I.   | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| X   | II.  | 195, 369, 400, 440, 441-444, 540, 550, 625. 710, 720, 730, 740, 790, 791, 820. 830. 840, 850, 890, 892-894, 895, 950. |
|     | III. | 110, 120, 130.140, 151, 190, 210, 230, 240, 245, 290.310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
|     | IV.  | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875. 900. |
|     | V.   | 150, 152, 153. |

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?  No

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?  (SEE 28 USC 2403)_____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC 2284?  No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
   COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES  No _____ ____OR IN THE WESTERN SECTION (BERKSHIRE,
   FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES  No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
   DISTRICT?  YES  No _____ (a)    IF YES, IN WHICH SECTION DOES
   THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION  N/A
    _____ OR WESTERN SECTION  N/A

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____ Yvonne W. Rosmarin

ADDRESS_____ Law Office of Yvonne W. Rosmarin, 58 Medford Street, Arlington, MA 02474

TELEPHONE NO._____ 781-648-4040

(Category.frm - 09/92)

JS 44
(Rev. 7/89)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marie LoConte | Baystate Constables, Inc., d/b/a Baystate Constables, Constance Sorenson, Jane Roe and John Does 1-3 |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Bristol__ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| **(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Yvonne W. Rosmarin Law Office of Yvonne W. Rosmarin 58 Medford Street Arlington, MA 02474    781-648-4040 | |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only)                FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/ PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders, Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury- Med Malpractice ☐ 365 Personal Injury- Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to vacate Sentence Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P 23

**DEMAND $**

Check YES only if demanded in complaint
**JURY DEMAND:**    ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  7/18/05

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT