IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE LoCONTE<br>      Plaintiff, | )<br>)<br>) |
| v. | )    No. 05-11540 WGY |
| BAYSTATE CONSTABLES, INC. d/b/a BAYSTATE<br>CONSTABLES, CONSTANCE SORENSON a/k/a<br>CONSTANCE CURRAN, JANE ROE and JOHN<br>DOES 1-3,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT
FOR FAILURE TO APPEAR AND PLEAD**

The Plaintiff, Marie LoConte, pursuant to Fed. R. Civ. P. 55(a), moves this Court for entry of a default judgment against Defendants Baystate Constables, Inc.(hereafter "Baystate") and Constance Sorenson a/k/a Constance Curran (hereafter "Sorenson") for failure to appear and plead. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed her Complaint on July 20, 2005.

2. Defendant Baystate was served with Plaintiff's Complaint at Baystate's office through its agent Defendant Sorenson, by Constable Anthony J. Saia on July 29, 2005. A copy of the constable's certification and return of service is attached hereto as **Exhibit 1**.

3. Defendant Sorenson was served with Plaintiff's Complaint in hand by Constable Anthony J. Saia on July 29, 2005. A copy of the constable's certification and return of service is attached hereto as **Exhibit 2**.

4. Defendants' appearances and answers were due on August 18, 2005.

5. As of August 26, 2005, neither Defendant has filed an appearance in this action nor an answer to Plaintiff's Complaint and neither Defendant has contacted Plaintiff's counsel.

6. Plaintiff herewith also files her Amended Complaint, adding a statement of the basis for the Court's supplemental jurisdiction, correcting typographical errors in paragraphs 9, 11, 54(c) and (k) and 58, and amending the caption to more accurately describe Defendant Constance Sorenson. Plaintiff's Amended Complaint does not assert any new or additional claims for relief against Defendants.

7. Plaintiff requests that the Court enter the proposed default judgment attached hereto as **Exhibit 3**.

WHEREFORE, Plaintiff prays that this Court enter a default judgment in her favor against both Defendants:

A. For her actual damages, an amount to be proven, pursuant to 15 U.S.C. § 1692k(a)(1) and M.G.L. ch. 93A § 9(3) and for Defendants' fraud and conversion, as well as an additional amount that, in total, represents three times her actual damages, pursuant to M.G.L. ch. 93A § 9(3);

B. For an additional amount of $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

C. For her costs, expenses and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L. ch. 93A § 9(4);

D. For such other relief as may be just and proper.

Respectfully submitted,

s/Yvonne W. Rosmarin

2

>Yvonne W. Rosmarin BBO #566428
>Law Office of Yvonne W. Rosmarin
>58 Medford Street
>Arlington, MA 02174
>781-648-4040

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Baystate Constables, Inc. and Constance Sorenson by First Class United States mail on September 9, 2005.

s/Yvonne W. Rosmarin
Yvonne W. Rosmarin

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | July 29th 2005 |
| NAME OF SERVER (PRINT)<br>ANTHONY J. SAIA | TITLE<br>& Disinterested person<br>Constable over 18th years old |

Check one box below to indicate appropriate method of service

[X] Served personally upon the defendant. Place where served: 6 Courthouse Lane Enterance E send floor BAY STATE CONSTABLES INC d/b/a Bay State Constables, & left in hand to constance Sorenson person in charge to Bay State Constables Inc. in HAND/6 Courthouse Lane Chelmsford

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

[ ] Returned unexecuted:

[ ] Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 12 | 20.00 | 20.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  July 29th 2005         Time   11:45 a.m   *Anthony J. Saia*
                Date                                              Signature of Server

                                                27 Alcine Lane
                                                Address of Server

                                                Burlington Mass 01803

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE<br>July 29th 2005 |
| NAME OF SERVER (PRINT)<br>ANTHONY J SAIA | TITLE<br>Constable, & Disinterested Person Over 18th years old |

Check one box below to indicate appropriate method of service

[X] Served personally upon the defendant. Place where served: 6 Courthouse Lane Enterance E 2nd floor CONSTANCE SORENSON at her Office in Hand 6 Courthouse Lane Chelmsford Mass 01824

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

[ ] Returned unexecuted: _____

[ ] Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 12 | 20.00 | 20.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  July 29th 2005   Time 11:45 a.m   *Anthony J Saia*
           Date                              Signature of Server

                                          27 ALcine Lane
                                          Address of Server

                                          Burlington Mass 01803

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIE LoCONTE | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 05-11540 WGY |
| | ) |
| BAYSTATE CONSTABLES, INC. d/b/a BAYSTATE | ) |
| CONSTABLES, CONSTANCE SORENSON a/k/a | ) |
| CONSTANCE CURRAN, JANE ROE and JOHN | ) |
| DOES 1-3, | ) |
|     Defendants. | ) |

**PROPOSED JUDGMENT**

This matter coming before the Court on the motion of Plaintiff for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(a), against Defendants Baystate Constables, Inc. and Constance Sorenson a/k/a Constance Curran for failure to appear and plead,

1. Judgment is hereby entered for the Plaintiff and against Defendants Baystate Constables, Inc. and Constance Sorenson a/k/a Constance Curran, pursuant to 15 U.S.C. § 1692k(a)(1) and M.G.L. ch. 93A § 9(3) and for Defendants' fraud and conversion, for Plaintiff's actual damages, an amount to be proven, as well as an additional amount that, in total, represents three times her actual damages, pursuant to M.G.L. ch. 93A § 9(3);

2. Judgment is hereby entered for the Plaintiff and against Defendants Baystate Constables, Inc. and Constance Sorenson a/k/a Constance Curran for an additional $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

**EXHIBIT 3 p. 1**

3.      Judgment is hereby entered and against Defendants Baystate Constables, Inc. and Constance Sorenson a/k/a Constance Curran for Plaintiff's costs, expenses and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L. ch. 93A § 9(4);

4.      Pursuant to Fed. R. Civ. P. 54(d) Plaintiff shall submit her petition for fees and costs within 14 days of entry of a final judgment, after determination of the amount of her actual damages;

5.      The Court will set a date for Plaintiff to prove up the amount of her actual damages by further order.

Dated: _____        Entered: _____
                                            William G. Young, District Judge